**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| **MELISSA HUFFMAN,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 2:25-cv-02356-DDC-RES |
| | ) | |
| **THE LINCOLN NATIONAL LIFE INSURANCE COMPANY,** | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**THE LINCOLN NATIONAL LIFE INSURANCE**
**COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant The Lincoln National Life Insurance Company ("Lincoln") files this, its Answer to Plaintiff's Complaint (the "Complaint") filed by Plaintiff Melissa Huffman ("Plaintiff"), and states as follows:

## THE PARTIES

1. Lincoln is without sufficient knowledge to either admit or deny Plaintiff's current residence, and accordingly, denies this allegation. Lincoln denies all remaining allegations contained in Paragraph 1 of the Complaint.

2. Lincoln admits that it is a lawfully incorporated insurance company that lawfully conducts business in the State of Kansas. Lincoln admits that it was properly served in this action. Lincoln denies all remaining allegations contained in Paragraph 2 of the Complaint.

## JURISDICTION AND VENUE

3. Lincoln admits the Court has jurisdiction over this action under the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 et seq. ("ERISA").

Lincoln specifically denies, however, that the bringing of this action or the recitation of jurisdictional bases gives rise to any inference that Plaintiff is entitled to any remedy or relief against Lincoln. Lincoln denies all remaining allegations contained in Paragraph 3 of the Complaint.

4. Lincoln admits that it issued a Group Long-Term Disability Income Policy (the "Policy") to Essilor of America Inc. ("Essilor"), which Policy, at certain times, insured disability benefits from the Essilor of America Inc. Long Term Disability Plan (the "LTD Plan") sponsored by Essilor to provide long term disability benefits to certain of its employees. Lincoln admits the Court has jurisdiction over this action under the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 et seq. ("ERISA"). Lincoln specifically denies, however, that the bringing of this action or the recitation of jurisdictional bases gives rise to any inference that Plaintiff is entitled to any remedy or relief against Lincoln. Lincoln denies all remaining allegations contained in Paragraph 4 of the Complaint.

5. Lincoln admits the Court has jurisdiction over this action under the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 et seq. ("ERISA"). Lincoln specifically denies, however, that the bringing of this action or the recitation of jurisdictional bases gives rise to any inference that Plaintiff is entitled to any remedy or relief against Lincoln. Lincoln denies all remaining allegations contained in Paragraph 5 of the Complaint.

6. Lincoln admits that venue is proper in this District and Division. Lincoln denies the remaining allegations contained in Paragraph 6 of the Complaint.

7. Lincoln admits that venue is proper in this District and Division. Lincoln denies the remaining allegations contained in Paragraph 7 of the Complaint.

INFORMATION REGARDING TRIAL

8. Lincoln admits the allegations contained in Paragraph 8 of the Complaint.

9. Lincoln admits the allegations contained in Paragraph 9 of the Complaint.

STATEMENT OF FACTS

10. Lincoln admits Plaintiff was, at certain times, employed by Essilor as a Clerk II. Lincoln admits that certain documents concerning Plaintiff's job at Essilor are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 10 of the Complaint.

11. Lincoln admits Plaintiff's last day of work at Essilor was on March 22, 2020. Lincoln denies all remaining allegations contained in Paragraph 11 of the Complaint.

12. Lincoln admits that Plaintiff was, at certain times, an employee of Essilor at a location in the United States.

13. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln admits Plaintiff's last day of work at Essilor was on March 22, 2020. Lincoln denies all remaining allegations contained in Paragraph 13 of the Complaint.

14. Lincoln admits that Essilor sponsored the LTD Plan to provide disability benefits to certain of its employees. Lincoln denies all remaining allegations contained in Paragraph 14 of the Complaint**.**

15. Lincoln admits the allegations contained in Paragraph 15 of the Complaint.

16. To the extent that the allegations contained in Paragraph 16 seek to interpret the provisions of the Policy, Lincoln refers to the Policy itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 16 of the Complaint.

17. Lincoln admits that Plaintiff was, at certain times, employed by Essilor and a participant in the LTD Plan. Lincoln denies all remaining allegations contained in Paragraph 17 of the Complaint.

18. Lincoln admits the allegations contained in Paragraph 18 of the Complaint.

19. Lincoln admits that it issued the Policy to Essilor, which Policy, at certain times, insured disability benefits from the LTD Plan. Lincoln denies all remaining allegations contained in Paragraph 19 of the Complaint.

20. Lincoln admits that, at certain times, it was the claims administrator of claims for benefits from the LTD Plan under the Policy and was delegated certain authority with regard to such claims by Essilor as described in the Policy. Lincoln denies all remaining allegations contained in Paragraph 20 of the Complaint.

21. Lincoln admits that it issued the Policy to Essilor, which, at certain times, insured benefits from the LTD Plan. Lincoln admits that, at certain times, it was the claims administrator of claims for benefits from the LTD Plan under the Policy. Lincoln denies all remaining allegations contained in Paragraph 21 of the Complaint.

22. Lincoln admits Plaintiff's last day of work at Essilor was on March 22, 2020. Lincoln denies all remaining allegations contained in Paragraph 24 of the Complaint.

23. Lincoln is without sufficient information or knowledge to either admit or deny allegations concerning communications between Plaintiff's counsel and Essilor, and accordingly, denies the allegations contained in Paragraph 23 of the Complaint.

24. Lincoln is without sufficient information or knowledge to either admit or deny allegations concerning communications between Plaintiff's counsel and Essilor, and accordingly, denies the allegations contained in Paragraph 24 of the Complaint.

25. Lincoln admits that Plaintiff submitted a claim for benefits from the LTD Plan under the Policy. Lincoln denies all remaining allegations contained in Paragraph 25 of the Complaint.

26. Lincoln admits the allegations contained in Paragraph 26 of the Complaint.

27. To the extent that the allegations contained in Paragraph 27 seek to interpret the provisions of the Policy, Lincoln refers to the Policy itself as the best evidence of its contents. Lincoln admits that the Policy includes language pertaining to the definitions of "Disabled" or "Disability" as applicable to a participant's claim for benefits from the LTD Plan under the Policy, but Lincoln refers to the Policy itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 27 of the Complaint.

28. To the extent the allegations in Paragraph 28 contain legal conclusions, Lincoln is not required to respond. To the extent that the allegations contained in Paragraph 28 seek to interpret the provisions of the Policy, Lincoln refers to the Policy itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 28 of the Complaint.

29. Lincoln admits it sent a letter to Plaintiff's counsel dated April 20, 2023, but Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 29 of the Complaint.

30. Lincoln admits it received a letter from Plaintiff's counsel dated October 17, 2023, appealing the denial of Plaintiff's claim for further benefits from the LTD Plan under the Policy, along with additional documentation, which are contained in the administrative record, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 30 of the Complaint.

31. Lincoln admits it received a letter from Plaintiff's counsel dated October 17, 2023, appealing the denial of Plaintiff's claim for further benefits from the LTD Plan under the Policy, along with additional documentation, which are contained in the administrative record, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 31 of the Complaint.

32. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 32 of the Complaint.

33. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself

as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 33 of the Complaint.

34. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 34 of the Complaint.

35. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 35 of the Complaint.

36. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 36 of the Complaint.

37. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 37 of the Complaint.

38. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln admits that certain documents concerning Plaintiff's own occupation at Essilor are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 38 of the Complaint.

39. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 39 of the Complaint.

40. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 40 of the Complaint.

41. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself

as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 41 of the Complaint.

42. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 42 of the Complaint.

43. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 43 of the Complaint.

44. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 44 of the Complaint.

45. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln is without sufficient information or knowledge to

either admit or deny allegations concerning Plaintiff's smoking habits, and accordingly, denies this and all remaining allegations contained in Paragraph 45 of the Complaint.

46. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 46 of the Complaint.

47. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 47 of the Complaint.

48. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 48 of the Complaint.

49. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 49 of the Complaint.

50. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 50 of the Complaint.

51. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 51 of the Complaint.

52. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 52 of the Complaint.

53. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 53 of the Complaint.

54. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan

under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 54 of the Complaint.

55. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 55 of the Complaint.

56. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 56 of the Complaint.

57. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 57 of the Complaint.

58. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself

as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 58 of the Complaint.

59. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 59 of the Complaint.

60. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 60 of the Complaint.

61. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 61 of the Complaint.

62. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 62 of the Complaint.

63. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 63 of the Complaint.

64. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 64 of the Complaint.

65. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 65 of the Complaint.

66. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 66 of the Complaint.

67. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan

under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 67 of the Complaint.

68. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 68 of the Complaint.

69. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 69 of the Complaint.

70. Lincoln admits that physician peer reviews are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 70 of the Complaint.

71. Lincoln admits that physician peer reviews are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 71 of the Complaint.

72. Lincoln admits it received a letter from Plaintiff's counsel dated January 17, 2024, but Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 72 of the Complaint.

73. Lincoln admits it received a letter from Plaintiff's counsel dated January 17, 2024. Lincoln admits it sent a letter to Plaintiff's counsel dated January 18, 2024, but Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 73 of the Complaint.

74. Lincoln admits it received a letter from Plaintiff's counsel dated July 14, 2024, appealing the denial of Plaintiff's claim for further benefits from the LTD Plan under the Policy, along with additional documentation, which are contained in the administrative record, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 74 of the Complaint.

75. Lincoln admits that clinical reviews are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 75 of the Complaint.

76. Lincoln admits that physician peer reviews are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 76 of the Complaint.

77. Lincoln admits it sent a letter to Plaintiff's counsel dated August 23, 2024, but Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 77 of the Complaint.

78. Lincoln admits that physician peer reviews are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 78 of the Complaint.

79. Lincoln admits that physician peer reviews are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 79 of the Complaint.

80. Lincoln admits it sent a letter to Plaintiff's counsel dated September 6, 2024, but Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 80 of the Complaint.

81. Lincoln admits it sent letters to Plaintiff's counsel dated September 26, 2024, and September 27, 2024, but Lincoln refers to the letters themselves as the best evidence of their contents. Lincoln admits that physician peer reviews, medical reviews, occupational analysis/vocational reviews, and transferable skills analyses are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 81 of the Complaint.

82. Lincoln admits that physician peer reviews are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 82 of the Complaint.

83. Lincoln admits that physician peer reviews are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 83 of the Complaint.

84. Lincoln admits that physician peer reviews are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 84 of the Complaint.

85. Lincoln admits that physician peer reviews are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 85 of the Complaint.

86. Lincoln admits it sent a letter to Plaintiff's counsel dated November 1, 2024, but Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 86 of the Complaint.

87. Lincoln admits it sent a letter to Plaintiff's counsel dated November 1, 2024, but Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 87 of the Complaint.

88. Lincoln admits that Plaintiff submitted a claim for benefits from the LTD Plan under the Policy. Lincoln denies all remaining allegations contained in Paragraph 88 of the Complaint.

89. Lincoln denies the allegations contained in Paragraph 89 of the Complaint.

90. Lincoln denies the allegations contained in Paragraph 90 of the Complaint.

## CAUSES OF ACTON

### COUNT I
### 29 U.S.C. § 1132(a)(1)(B) - WRONGFUL DENIAL OF BENEFITS

91. Lincoln repeats and realleges all of its answers to the allegations contained in Paragraphs 1 through 90 of the Complaint as though fully set forth in response to Paragraph 91 of the Complaint.

92. Lincoln denies the allegations contained in Paragraph 92 of the Complaint.

93. Lincoln denies the allegations contained in Paragraph 93 of the Complaint.

94. Lincoln denies the allegations contained in Paragraph 94 of the Complaint.

95. Lincoln denies the allegations contained in Paragraph 95 of the Complaint.

96. Lincoln admits that by this action, Plaintiff is seeking recovery of benefits from the LTD Plan under the Policy, along with recovery of attorneys' fees, costs, and prejudgment interest, but Lincoln denies Plaintiff is entitled to any such relief or recovery. Lincoln denies all remaining allegations contained in Paragraph 96 of the Complaint.

97. Lincoln admits only that its decisions on Plaintiff's claim for long term disability benefits were based on the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln and that such decisions are governed by the terms of the Policy. Lincoln denies that it violated any provision of ERISA with regard to

Plaintiff's claim for benefits and denies all remaining allegations contained in Paragraph 97 of the Complaint.

98. Lincoln admits that by this action, Plaintiff is seeking recovery of benefits from the LTD Plan under the Policy, along with recovery of attorneys' fees, costs, and prejudgment interest, but Lincoln denies Plaintiff is entitled to any such relief or recovery. Lincoln denies all remaining allegations contained in Paragraph 98 of the Complaint.

**COUNT II**
**29 U.S.C. § 1132(a)(3) - BREACH OF FIDUCIARY DUTY**

99. Lincoln repeats and realleges all of its answers to the allegations contained in Paragraphs 1 through 98 of the Complaint as though fully set forth in response to Paragraph 99 of the Complaint.

100. Paragraph 100 of the Complaint is not a complete sentence/allegation to which Lincoln must respond. To the extent that Paragraph 100 appears to be continued in Paragraph 101 and together are meant to be a single allegation, and to the extent the allegations in Paragraphs 100 and 101 contain legal conclusions, Lincoln is not required to respond.

101. Paragraph 101 of the Complaint is not a complete sentence/allegation to which Lincoln must respond. To the extent that Paragraph 101 appears to be a continuation of Paragraph 100 and together are meant to be a single allegation, and to the extent the allegations in Paragraphs 100 and 101 contain legal conclusions, Lincoln is not required to respond.

102. Paragraph 102 of the Complaint does not contain any allegations.

103. Paragraph 103 of the Complaint is not a complete sentence/allegation to which Lincoln must respond. To the extent that Paragraph 103 appears to be continued in Paragraph 104

and together are meant to be a single allegation, and to the extent the allegations in Paragraphs 103 and 104 contain legal conclusions, Lincoln is not required to respond.

104. Paragraph 104 of the Complaint is not a complete sentence/allegation to which Lincoln must respond. To the extent that Paragraph 104 appears to be a continuation of Paragraph 103 and together are meant to be a single allegation, and to the extent the allegations in Paragraphs 103 and 104 contain legal conclusions, Lincoln is not required to respond.

105. To the extent the allegations in Paragraph 105 contain legal conclusions, Lincoln is not required to respond. To the extent a response is required, Lincoln denies the allegations contained in Paragraph 105 of the Complaint.

106. Lincoln admits that it issued the Policy to Essilor, which, at certain times, insured benefits from the LTD Plan sponsored by Essilor to provide benefits to certain of its employees. Lincoln admits that, at certain times, it was the claims administrator of claims for benefits from the LTD Plan under the Policy. Lincoln denies all remaining allegations contained in Paragraph 106 of the Complaint.

107. Lincoln denies the allegations contained in Paragraph 107 of the Complaint.

108. Lincoln admits that it issued the Policy to Essilor, which, at certain times, insured benefits from the LTD Plan sponsored by Essilor to provide benefits to certain of its employees. Lincoln admits that, at certain times, it was the claims administrator of claims for benefits from the LTD Plan under the Policy. Lincoln denies all remaining allegations contained in Paragraph 108 of the Complaint.

109. To the extent that the allegations contained in Paragraph 109 constitute legal conclusions, Lincoln is not required to respond. Lincoln denies all remaining allegations contained in Paragraph 109 of the Complaint.

110. Lincoln denies the allegations contained in Paragraph 110 of the Complaint.

111. Lincoln denies the allegations contained in Paragraph 111 of the Complaint.

112. Lincoln denies the allegations contained in Paragraph 112 of the Complaint.

113. Lincoln denies the allegations contained in Paragraph 113 of the Complaint.

114. Lincoln denies the allegations contained in Paragraph 114 of the Complaint.

115. Lincoln denies the allegations contained in Paragraph 115 of the Complaint.

116. Lincoln admits that by this action, Plaintiff is seeking recovery of benefits from the LTD Plan under the Policy, along with recovery of attorneys' fees, costs, and prejudgment interest, but Lincoln denies Plaintiff is entitled to any such relief or recovery. Lincoln denies all remaining allegations contained in Paragraph 116 of the Complaint.

Lincoln denies all allegations contained in the Complaint not specifically admitted herein.

## AFFIRMATIVE DEFENSES

In addition to the defenses and denials set forth above, Lincoln asserts the following affirmative and other defenses. In pleading these defenses, Lincoln does not admit that it bears the burden of proof, production, or persuasion on such defenses. Further, Defendant specifically reserves the right to raise any and all counterclaims and additional defenses, including affirmative defenses that may become apparent at any time in the course of this litigation.

1. The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

2. The standard of review by the District Court in this case should be whether the decision to deny Plaintiff's claim for benefits from the LTD Plan under the Policy was an abuse of discretion or arbitrary and capricious because the Policy contain sufficient discretionary language to invoke that standard.

3. Plaintiff's recovery of benefits, if any, from Lincoln is subject to an offset pursuant to the terms of the Policy and the documents governing the LTD Plan, resulting from Plaintiff's receipt of benefits or other income, including, but not limited to, income earned by Plaintiff and the disability benefits Plaintiff received from the Social Security Administration on his Plaintiff's or Plaintiff's dependent(s)'s behalf.

4. Plaintiff has failed to exhaust administrative remedies regarding any specific claims, issues, or rationales that Plaintiff failed to raise in support of Plaintiff's claim or during the administrative review process.

5. Plaintiff's claim for breach of fiduciary duty and claim under Section 502(a)(3) of ERISA against Lincoln fail as a matter of law due to the availability of a claim for recovery of benefits under Section 502(a)(1)(B) of ERISA.

6. The damages, if any, claimed by Plaintiff are limited to those available under ERISA, which precludes recovery of compensatory, punitive, or damages other than recovery of benefits allegedly owed to Plaintiff.

7. Plaintiff's claims are barred to the extent the Complaint was not filed within the Policy or statutory limitations period.

8. Lincoln reserves the right to amend its Answer; to add additional or other affirmative defenses; to delete or withdraw affirmative defenses; and to add such counterclaims as may become necessary or apparent at any time in the course of this litigation.

**PRAYER**

Lincoln requests that the Court enter judgment that Plaintiff recovers nothing by this action, that Lincoln be awarded its attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g), and that Lincoln be awarded such other and further relief to which it may show itself entitled.

Dated: August 1, 2025.

RHODES, HIERONYMUS, JONES,
TUCKER & GABLE, P.L.L.C.

By: /s/ Nathan E. Clark
Nathan E. Clark, Kan. Fed. # 24365

P.O. Box 21100
Tulsa, Oklahoma 74121
Phone (918) 582-1173
Facsimile (918) 592-3390
Email: nclark@rhodesokla.com

- and -

LAW OFFICES OF IWANA RADEMAEKERS, P.C.

By: /s/ Iwana Rademaekers
Iwana Rademaekers (Texas Bar No. 16452560)
(*Pro Hac Vice Application Forthcoming*)

17304 Preston Road, Suite 800
Dallas, Texas 75252
Telephone: (214) 579-9319
Facsimile: (469) 444-6456
Email: iwana@rademaekerslaw.com

ATTORNEYS FOR DEFENDANT

## CERTFICATE OF SERVICE

I certify that a true and correct copy of the foregoing pleading was electronically filed with the clerk for the U.S. District Court, District of Kansas, using the electronic case filing system of the court, and the electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means, as follows:

Derrick A. Pearce
dpearce@burnettdriskill.com

Benjamin Narrell
bnarrell@burnettdriskill.com

August 1, 2025 — Date

/s/ Nathan E. Clark — Attorney for Defendant