UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **MELISSA HUFFMAN**,<br><br>Plaintiff,<br><br>v.<br><br>**THE LINCOLN NATIONAL LIFE INSURANCE COMPANY,**<br><br>Defendant. | Case No. 25-cv-02356-DDC-RES |

**INITIAL ORDER REGARDING PLANNING AND SCHEDULING**

Fed. R. Civ. P. 1 mandates the "just, speedy, and inexpensive" determination of this action. With this goal in mind, U.S. Magistrate Judge Rachel E. Schwartz will conduct a Fed. R. Civ. P. 16 scheduling conference on **September 24, 2025, at 1:30 p.m.** The conference will be held by telephone. The parties must dial into the conference call at 785-337-8299 and use conference ID: 673 598 390.

The parties, in person and/or through counsel, must confer as required by Fed. R. Civ. P. 26(f) by **September 3, 2025**. Generally, discussion at the planning conference must address: the nature and basis of the parties' claims and defenses; the possibilities of settling or resolving the case, including using mediation or other methods of alternative dispute resolution; making or at least arranging for Fed. R. Civ. P. 26(a)(1) disclosures; any issues about preserving discoverable information; developing a discovery plan; discovery of electronically stored information (ESI); and a proposed scheduling order. More specifically, the parties must discuss the agenda items set out in Fed. R. Civ. P. 16(c)(2)(A)-(P) and Fed. R. Civ. P. 26(f)(3)(A)-(F), and draft a proposed scheduling order using the "Scheduling Order (Word)" form available at the following:

*http://ksd.uscourts.gov/index.php/forms/?open=CivilForms*

The court notes that the Scheduling Order form was revised in December 2022, and the parties are directed to download and use the up-to-date form available at the hyperlink above.

Careful planning is essential to efficient case management and discovery. The court strongly encourages the parties to conduct their Rule 26(f) planning conference in person instead of by telephone, to improve the quality of discussion. It is unacceptable to simply exchange draft proposed scheduling orders by email without further discussion. The court also strongly encourages "first chair" trial counsel to be meaningfully involved in this critical planning process. Before the planning conference, the parties shall review and be prepared to address the agenda items set out in Rules 16(c)(2)(A)-(P) and 26(f)(3)(A)-(F). The parties should think creatively and cooperatively, to the extent possible, about how to structure this case in a way that will lead to the efficient resolution of the factual and legal issues presented.

**Because this may be an ERISA denial-of-benefits action, the parties must discuss whether discovery is appropriate or necessary**. The court directs the parties to *Murphy v Deloitte & Touche Group Insurance Plan*, 619 F.3d 1151 (10th Cir. 2010). If the parties do not agree on the extent to which discovery is appropriate, they must note their specific points of disagreement in the proposed scheduling order and include their competing proposals on any discovery in the scheduling order.

The parties must work together to draft a proposed scheduling order, which will constitute the written report required by Fed. R. Civ. P. 26(f)(2). The parties must note any points of disagreement in the proposed scheduling order and include a brief explanation of their respective positions. By **September 12, 2025**, plaintiffs must submit the following:

(1) a redlined version of the proposed scheduling order that shows all changes to the court's Scheduling Order form, and

(2) a clean version of the proposed scheduling order.

Both versions of the proposed scheduling order must be submitted in Word format as an attachment to an email sent to *ksd_schwartz_chambers@ksd.uscourts.gov*. The proposed scheduling order must not be filed with the Clerk's Office or via ECF. The email transmitting the proposed scheduling order also must include cellular numbers for each attorney of record and any party appearing pro se.

The parties must serve their Rule 26(a)(1)(A) initial disclosures by **September 12, 2025**, and email copies of the initial disclosures to the undersigned judge's chambers with the redline and clean versions of the proposed scheduling order. The magistrate judge may discuss these disclosures during the scheduling conference in finalizing a discovery and case plan that achieves Rule 1's objectives. The parties should not submit to the court any documents identified or described in their Rule 26(a)(1)(A) initial disclosures.

IT IS SO ORDERED.

Dated August 5, 2025, at Topeka, Kansas.

/s/ Rachel E. Schwartz
Rachel E. Schwartz
U.S. Magistrate Judge