UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **MELISSA HUFFMAN**,<br><br>Plaintiff,<br><br>v.<br><br>**THE LINCOLN NATIONAL LIFE INSURANCE COMPANY,**<br><br>Defendant. | Case No. 25-cv-02356-DDC-RES |

## SCHEDULING ORDER

On September 24, 2025, U.S. Magistrate Judge Rachel E. Schwartz conducted a scheduling conference in accordance with Fed. R. Civ. P. 16. Plaintiff Melissa Huffman appeared through counsel Benjamin Narrell, by phone. Defendant The Lincoln National Life Insurance Company appeared through counsel Iwana Rademaekers, by phone.

After consultation with the parties, the court enters this scheduling order, summarized in the following table:

| SUMMARY OF DEADLINES AND SETTINGS | |
|---|---|
| Event | Deadline/Setting |
| Exchange of documents identified in initial disclosures | **September 30, 2025** |
| Jointly proposed protective order submitted to court | **October 8, 2025** |
| Motion and brief in support of proposed protective order (only if parties disagree about need for and/or scope of order) | **October 8, 2025** |
| Defendant's settlement counter-proposal | **October 15, 2025** |
| Jointly filed mediation notice, or confidential settlement reports to magistrate judge | **October 29, 2025** |
| Motions to amend | **November 5, 2025** |
| Mediation completed | **January 30, 2026** |
| Supplementation of initial disclosures | **40 days before the deadline to complete all discovery** |
| All discovery completed | **February 20, 2026** |
| Proposed pretrial order due | **February 27, 2026** |
| Pretrial conference | **March 11, 2026, at 3:00 p.m.** |
| Potentially dispositive motions (e.g., summary judgment) | **April 10, 2026** |
| Trial — ETT 1-3 days | **January 5, 2027, at 9:00 a.m.** |

**1. Alternative Dispute Resolution (ADR).**

After discussing ADR during the scheduling conference, the court determined that settlement potentially would be enhanced by early mediation. Toward that end, plaintiff has submitted a good-faith settlement proposal to defendant. Defendant must make a good-faith counter-proposal by **October 15, 2025**. By **October 29, 2025**, either (a) the parties must file a joint notice stating the full name, mailing address, and telephone number of the mediator they selected, along with the firmly scheduled date, time, and place of mediation, or (b) each party must submit a confidential settlement report by e-mail to the undersigned U.S. Magistrate Judge at *ksd_schwartz_chambers@ksd.uscourts.gov.* These confidential reports must not be submitted to the presiding U.S. District Judge or filed with the Clerk's Office. These confidential reports must set forth in detail the parties' settlement efforts to date (including the amounts of offers exchanged), evaluations of the case, views concerning future settlement negotiations, overall settlement prospects, and a specific recommendation regarding mediation or any other ADR method, e.g., arbitration, early-neutral evaluation, or a settlement conference with a magistrate judge. If the parties cannot agree on a mediator and any party wants the court to select a particular mediator or other ADR neutral, then the parties may each submit up to three nominations in their confidential settlement reports; such nominations must include each nominee's qualifications and billing rates, and confirmation that the nominee already has pre-cleared all ethical and scheduling conflicts. Absent further order of the court, mediation is ordered no later than **January 30, 2026**. Defense counsel must file an ADR report within 14 days after any scheduled ADR process, using the form on the court's website: *http://www.ksd.uscourts.gov/adr-report/.*

**2. Discovery.**

**a.** The parties already served Fed. R. Civ. P. 26(a)(1) initial disclosures regarding witnesses, exhibits, damages, and insurance. To facilitate settlement negotiations and to avoid unnecessary expense, the parties have agreed that, without the need for formal requests for production, they will exchange copies of the documents described in their Rule 26(a)(1) disclosures by **September 30, 2025**. Supplementations of initial disclosures must be served at such times and under such circumstances as required by Fed. R. Civ. P. 26(e). In addition, such supplemental disclosures must be served 40 days before the deadline to complete discovery so as to identify all witnesses and exhibits that probably will be or even might be used at trial so that the opposing party can decide whether to pursue follow-up discovery before the time allowed for discovery expires. Witnesses or other information included in a party's final Fed. R. Civ. P. 26(a)(3) disclosures that did not previously appear in the initial Rule 26(a)(1) disclosures or a timely Rule 26(e) supplement thereto presumptively will be excluded from evidence under Fed. R. Civ. P. 37(c)(1).

**b.** All discovery must be commenced or served in time to be completed by **February 20, 2026**.

**c.** The parties agree that principles of comparative fault do not apply.

**d.** The parties have stipulated that no expert testimony will be used.

**e.** The parties agree that physical or mental examinations pursuant Fed. R. Civ. P. 35 are not appropriate in this case.

**f.** Consistent with the parties' agreement, electronically stored information (ESI) in this case will be handled as follows:

> The administrative record includes printed copies of electronically stored documents, which will be produced in pdf format. No other

> discovery of ESI is anticipated. If Plaintiff desires that Lincoln produce ESI with respect to any specific document, that will be addressed on a case-by-case basis.

**g.** Consistent with the parties' agreement, claims of privilege or of protection as trial-preparation material asserted after production will be handled as set forth in the parties' jointly proposed protective order. Any party withholding responsive information from discovery on the basis of a privilege must timely serve a privilege log consistent with Fed. R. Civ. Pro. 26(b)(5)(A) and the case law in this District.

**h.** All depositions will be governed by the written guidelines on the court's website:

*https://ksd.uscourts.gov/file/843*

**i.** The parties do consent to electronic service of disclosures and discovery requests and responses. *See* Fed. R. Civ. P. 5(b).

**j.** The expense and delay often associated with civil litigation can be dramatically reduced if the parties and counsel conduct discovery in the "just, speedy, and inexpensive" manner mandated by Fed. R. Civ. P. 1. Accordingly, the parties and counsel are reminded of their important obligations under Fed. R. Civ. P. 26(g) in certifying discovery disclosures, requests, responses, and objections and that the court "must impose an appropriate sanction on the signer, the party on whose behalf the signer was acting, or both" if the certification violates Rule 26(g) (e.g., overbroad discovery requests, boilerplate objections, etc.) without substantial justification.

**3. Motions**

**a.** Any motion for leave to join additional parties or to otherwise amend the pleadings must be filed by **November 5, 2025**.

**b.** All potentially dispositive motions (e.g., motions for summary judgment), must be filed by **April 10, 2026**. The court plans to decide dispositive motions, to the extent they are timely filed and briefed without any extensions, approximately 60 days before trial.

**c.** Compliance with Fed. R. Civ. P. 56 and D. Kan. Rule 56.1 is mandatory, i.e., summary-judgment briefs that fail to comply with these rules may be rejected, resulting in summary denial of a motion or consideration of a properly supported motion as uncontested. Further, the court strongly encourages the parties to explore submission of motions on stipulated facts and agreement resolving legal issues that are not subject to a good faith dispute. The parties should follow the summary-judgment guidelines available on the court's website: *https://ksd.uscourts.gov/file/326*.

**d.** Before filing any disputed discovery-related motion, and after satisfying the duty to confer or to make a reasonable effort to confer under Fed. R. Civ. P. 37(a)(1) and D. Kan. Rule 37.2, the party intending to file a discovery-related motion must email the court to arrange a telephone conference with the judge and opposing counsel. The email request, preferably in a joint submission, must include a brief, nonargumentative statement of the nature of the dispute; the estimated amount of time needed for the conference, and suggested dates and times; and any preference for conducting the conference in person or by phone. The court will typically grant the request and contact the parties to arrange the conference within a few days. The court will inform the parties whether any additional information should be submitted or filed in advance of this conference. Unless otherwise requested by the court, no disputed discovery-related motion, material, or argument should be filed or submitted prior this telephone conference. *See* D. Kan. Rule 37.1(a).

**e.** To avoid unnecessary motions, the court encourages the parties to utilize stipulations regarding discovery procedures. However, this does not apply to extensions of time that interfere with the deadlines to complete all discovery, for briefing or hearing a motion, or for trial. *See* Fed. R. Civ. P. 29; D. Kan. Rule 6.1(c).

**4. Pretrial Conference, Trial, and Other Matters.**

**a.** Pursuant to Fed. R. Civ. P. 16(a), a pretrial conference is scheduled for **March 11, 2026, at 3:00 p.m.,** by telephone (785-337-8299; Conference ID 673 598 390). The judge may require all parties to appear in person if the pretrial order is not in the appropriate format or other problems require counsel to appear in person. No later than **February 27, 2026,** defense counsel must submit the parties' proposed pretrial order in Word format as an attachment to an e-mail sent to *ksd_schwartz_chambers@ksd.uscourts.gov*. The proposed pretrial order must not be filed with the clerk's office. It must be in the form available on the court's website:

*https://ksd.uscourts.gov/civil-forms*

**b.** The parties expect the non-jury trial of this case to take approximately 3 trial days. This case is set for trial beginning on **January 5, 2027, at 9:00 a.m.**, in Kansas City, Kansas. Unless otherwise ordered, this is not a "special" or "No. 1" trial setting. Therefore, during the month preceding the trial docket setting, counsel should stay in contact with the trial judge's courtroom deputy to determine the day of the docket on which trial of the case actually will begin. The trial setting may be changed only by order of the judge presiding over the trial.

**c.** If at any time the parties wish to consent to trial by a U.S. Magistrate Judge, they must email the Clerk's Office their signed form, "Notice, Consent, and Reference of a Civil Action to a Magistrate Judge" available on the court's website at:

*https://ksd.uscourts.gov/civil-forms*

**d.** This scheduling order will not be modified except by leave of court upon a showing of good cause.

**IT IS SO ORDERED.**

Dated: September 26, 2025, at Topeka, Kansas.

/s/ Rachel E. Schwartz
Rachel E. Schwartz
United States Magistrate Judge